156 So. 767

### EGGLESTON v. LAWLER et al.
### 8 Div. 577.

Supreme Court of Alabama.
Oct. 4, 1934.

Wm. L. Chenault, of Russellville, for appellant.

William Stell, of Russellville, K. V. Fite, of Hamilton, and Roy Mayhall, of Haleyville, for appellees.

ANDERSON, Chief Justice.

The bill attacks the deed from **J. J.** Lawler and wife to P. H. Lawler and a mortgage from P. H. Lawler and wife to John Dodd Wholesale Grocery Company. It is insisted that the deed from J. J. to P. H. Lawler of date January 15, 1924, was not made at that time, but was made within four months

---

@⟶For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

of the bankruptcy of J. J. Lawler and was dated back. As to this, reliance is had on the evidence of Funderburk, the acknowledging official. True, Funderburk testified to acknowledging some instrument for J. J. Lawler which was dated back, but, when shown the deed in question, he admitted that it was not the instrument to which he referred, but was written by him and signed and acknowledged on the 15th of January, 1924. So the deed was signed and acknowledged on the day it bears date, and whether it was recorded later matters not, unless it appears, which is not the case, that the claims of the creditors arose between the execution of the deed and the recordation of same, in so far as this bill of complaint may affect the mortgage of the John Dodd Company, who appears to be a bona fide purchaser. P. H. Lawler had the record title to the store lot when the John Dodd Company's mortgage was given, and, while said company had notice of the bankruptcy of J. J. Lawler, the evidence does not show that said company knew of the insolvency of J. J. Lawler when he made the deed to P. H. Lawler.

The fact that J. J. Lawler collected the fire insurance on the property, and remained in possession of the store until the fire, even if not satisfactorily explained by J. J. and P. H. Lawler, cannot prevent the Dodd Company from being a bona fide purchaser, and the bill of complaint does not seek to subject the equity of J. J. Lawler in the property or to redeem from the Dodd Company mortgage or to do equity. It simply seeks a cancellation outright of both the deed and mortgage.

The decree of the law and equity court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.